662 F.2d 1385
 Jerry Lewis McLAUGHLIN, and Willie George Williams,
Plaintiffs-Appellants,
v.
The CITY OF LaGRANGE, A Municipal Corporation, Chief of
Police, Gary Shepherd and Lt. Harold Chipman, of
the LaGrange Police Department,
Defendants-Appellees.
 Nos. 81-7411, 81-7627
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 7, 1981.
 
 Allison W. Davidson, Columbus, Ga., for plaintiffs-appellants.
 Montet & Smith, Malcolm P. Smith, Atlanta, Ga., for defendants-appellees.
 James R. Lewis, LaGrange, Ga., for City of LaGrange & Chief Sheperd.
 Appeals from the United States District Court for the Northern District of Georgia.
 Before TJOFLAT, FAY and HENDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants Jerry McLaughlin and Willie Williams brought a civil rights action based primarily on 42 U.S.C. § 1983 against appellees, the City of LaGrange, Georgia, Chief of Police Shepherd, and Lieutenant Chipman alleging police brutality. The District Court granted a partial summary judgment in favor of the City of LaGrange and Chief Shepherd from which McLaughlin and Williams appeal. We affirm.
 
 
 2
 Appellants allege that on February 16, 1980, they were severely beaten by Lieutenant Chipman and other police officers. A complaint was lodged with the police department on February 18, 1980, and Police Chief Shepherd requested an investigation of the event by the Internal Affairs Unit of the police department. He later asked the Georgia Bureau of Investigation to conduct an independent investigation. After receiving reports of the incident from both investigations, Chief Shepherd notified Lieutenant Chipman by letter that he had violated several department rules, including one which prohibited maltreatment and use of unnecessary force. He informed Lieutenant Chipman that his employment with the police department was terminated. The Lieutenant appealed Chief Shepherd's action to the LaGrange City Council. At the Council hearing, Chief Shepherd testified regarding the two investigations and Lieutenant Chipman's termination.
 
 
 3
 Williams and McLaughlin instituted their present action on July 28, 1980. The appellees' motion for summary judgment on behalf of the City of LaGrange and Chief Shepherd was served by mail on February 11, 1981. On March 10, 1981, four days after time for reply had passed under the District Court's Local Rule 91.2, appellants filed a motion to request additional time to respond to the motion for summary judgment. That same date, however, they filed their response to the motion for summary judgment.
 
 
 4
 The District Court considered appellants' response in its disposition of the summary judgment motion, but denied the request for additional time to respond. By order dated April 10, 1981, the Court granted summary judgment in favor of the City of LaGrange and Chief Shepherd. Final judgment pursuant to Rule 54(b), Fed.R.Civ.P., was entered by the Court on July 15, 1981. In the meantime, appellants jumped the gun by filing a notice of appeal on May 7, 1981, which was docketed in this Court as Appeal No. 81-7411. Recognizing their mistake, appellants noticed a new appeal after entry of the Rule 54(b) order. That appeal is docketed as Appeal No. 81-7627. Thus two appeals are before this Court, but both relate to the same summary judgment order of the District Court.
 
 
 5
 Under Rule 54(b), an order which completely determines the rights and liabilities of fewer than all the parties to an action is not a final appealable order unless the district court expressly determines that there is no just reason for delay and directs entry of judgment. See generally 10 C. Wright & A. Miller, Federal Practice and Procedure § 2660 (1973). When an appeal is noticed prior to the trial judge's Rule 54(b) certification, this Court lacks jurisdiction over the premature appeal. United States v. Taylor, 632 F.2d 530 (5th Cir. 1980). Therefore, Appeal No. 81-7411 is hereby dismissed. However, Appeal No. 81-7627 need not suffer the same fate.
 
 
 6
 In Kirtland v. J. Ray McDermott & Co., 568 F.2d 1166 (5th Cir. 1978), this Court suggested that a premature appeal could not be corrected by later entry of a Rule 54(b) order because the filing of appeal divested the district court of jurisdiction. The Kirtland decision was re-examined in United States v. Hitchmon, 602 F.2d 689 (5th Cir. 1979) (en banc ). In that decision we held that "the notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal by either the district court or the appellate court." 602 F.2d at 691. The District Court's order in the present case remained interlocutory and nonappealable until entry of the Rule 54(b) certification. The District Court had jurisdiction to enter the Rule 54(b) order and at that time the April 10th summary judgment order became final and appealable. Appeal No. 81-7627, noticed after the Rule 54(b) certification, is therefore properly before us.
 
 
 7
 Appellants McLaughlin and Williams assert that the Court abused its discretion when it denied their request for additional time to respond to the motion for summary judgment and that summary judgment was improper because the appellees failed to prove there were no genuine issues of fact remaining in the case.
 
 
 8
 Rule 6(b) of the Federal Rules of Civil Procedure governs enlargement of time. After the time has run for making response, a court may permit response "where the failure to act was the result of excusable neglect." Fed.R.Civ.P. 6(b)(2); Farina v. Mission Investment Trust, 615 F.2d 1068, 1076 (5th Cir. 1980). Appellants' motion for additional time to respond was filed four days late. It asserts as "excusable neglect" only that appellants' counsel is a solo practitioner and was engaged in the preparation of other cases. The fact that counsel has a busy practice does not establish "excusable neglect" under Rule 6(b)(2). Graham v. Pennsylvania Railroad, 342 F.2d 914, 915 (D.C.Cir.1964), cert. denied, 381 U.S. 904, 85 S.Ct. 1446, 14 L.Ed.2d 286 (1965). Moreover, the District Court's order reflects that appellants' response to the summary judgment motion, although filed late, was considered. The Court simply refused to allow appellants any more time than the four extra days they had already used. We hold that denial of appellants' motion for additional time to respond was not an abuse of discretion.
 
 
 9
 Appellants' second issue on appeal is that the trial judge erred by granting summary judgment. The initial burden of demonstrating that there is no genuine issue of material fact rests with the party requesting summary judgment. United States v. An Article of Food, 622 F.2d 768, 771 (5th Cir. 1980). But, when a motion for summary judgment is accompanied by affidavits or other evidence, it is incumbent upon the opposing party to produce evidence which will support the allegations made in the complaint. The opposing party cannot then rely on the pleadings alone. Fed.R.Civ.P. 56(e); Adickes v. S. H. Kress & Co., 398 U.S. 144, 159-61, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). If the opposing party does not produce countervailing evidence, summary judgment will be granted, "if otherwise appropriate." Sweet v. Childs, 507 F.2d 675, 679 (5th Cir. 1975).
 
 
 10
 Appellees accompanied their motion with evidence that Chief Shepherd was not personally involved in the February 16th incident, that police department rules prohibited use of unnecessary force, and that no "custom" existed which condoned such misconduct. Appellants made no meaningful response. Their memorandum of law in opposition to summary judgment repeats assertions made in the complaint that section 1983 liability against Chief Shepherd and the City of LaGrange may be based on theories of negligence and respondeat superior. This is not the law. In order for a municipality or a supervisor to be liable under section 1983 there must be some personal involvement or evidence that "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1977); See Bogard v. Cook, 586 F.2d 399 (5th Cir. 1978), cert. denied, 444 U.S. 883, 100 S.Ct. 173, 62 L.Ed.2d 113 (1979) (proof of negligence not enough to pierce an official's immunity); Baskin v. Parker, 602 F.2d 1205 (5th Cir. 1979) (state vicarious liability doctrine inapplicable in § 1983 suits).
 
 
 11
 Appellants claim that the testimony of Chief Shepherd before the Council hearing demonstrates condonation of Officer Chipman's conduct. We find the testimony demonstrates exactly the opposite. Nor does the affidavit of Billy Payne (Plaintiffs' Exhibit I) establish "a failure to control subordinates with known lawless propensities." Vasquez v. Snow, 616 F.2d 217, 220 (5th Cir. 1980). Payne states that after being beaten by Officer Chipman in November, 1979, he complained to Chief Shepherd. This isolated incident does not establish either "custom" on the City's part or culpable nonfeasance sufficient to constitute "malicious intent" on Chief Shepherd's part. See Walters v. City of Ocean Springs, 626 F.2d 1317 (5th Cir. 1980); Whitehurst v. Wright, 592 F.2d 834 (5th Cir. 1979). The evidence in support of the motion for summary judgment establishes that there is no genuine issue of material fact and as a matter of law the appellees were entitled to summary judgment.[1] The District Court's order is AFFIRMED.[2]
 
 
 
 [1]
 Appellants also assert that the district judge did not consider all claims of relief as shown in their complaint. In addition to section 1983, appellants base their cause of action on 42 U.S.C. § 1988 and directly on the Constitution under the fourth and fourteenth amendments. Section 1988 does not create an independent cause of action for deprivation of constitutional rights, Harding v. American Stock Exchange, Inc., 527 F.2d 1366 (5th Cir. 1976), and "the principles of section 1983 law generally apply" to a claim against a municipality and police officers based directly on the Constitution. Reeves v. City of Jackson, 608 F.2d 644, 649-50 n.2 (5th Cir. 1979). Summary judgment was therefore proper as to all counts
 
 
 [2]
 On October 2, 1981, this Court sitting en banc adopted all existing precedent in the United States Court of Appeals for the Fifth Circuit on September 30, 1981, as its own. References to "this Court", "we", "us" and cases decided by the "old Fifth Circuit" are based upon that ruling