Marva Jo BROWNING, et al., Plaintiffs,

v.

**CITY OF WEDOWEE, ALABAMA,**
**et al., Defendants.**

Civ. A. No. 93–D–1406–E.

United States District Court,
M.D. Alabama,
Eastern Division.

March 6, 1995.

---

Marcus W. Reid, Anniston, AL, for plaintiffs.

Roianne H. Frith, Montgomery, AL, guardian ad litem.

C. David Stubbs, Anniston, AL, for defendants City of Wedowee and Ed Hay.

Daryl L. Masters, Lynn H. Durham, Montgomery, AL, for defendants Collins, Dillard, Surrett and Randolph County.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Sheriff Larry Collins and Deputy Sheriffs William Dillard and Tim Surrett's motion to dismiss filed January 18, 1994. The plaintiffs filed a response on February 9, 1994. After careful consideration of

the arguments of counsel, the caselaw and the record as a whole, the court finds that the defendants' motion is due to be granted in part and denied in part.

## JURISDICTION

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1343 (civil rights jurisdiction) and 28 U.S.C. § 1331 (federal question jurisdiction). This court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the plaintiffs' state law claims. The parties do not contest personal jurisdiction or venue.

## STANDARD OF REVIEW

■ When ruling on a motion to dismiss for failure to state a claim, the court must assume that the factual allegations in the complaint are true. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Fed.R.Civ.P. 12(b)(6). Assuming that the facts are true, a complaint may be dismissed under Fed.R.Civ.P. 12(b)(6) only "if it is clear that no relief could be granted" under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

## PARTIES

(1) Plaintiffs Marva Jo Browning and Rhonda Sue Baird are citizens of Randolph County, Alabama.

(2) Plaintiff Reshawnda Maria Baird is a minor child, who was five years old on the day in question and sues by and through her mother, Rhonda Sue Baird.

(3) Defendant City of Wedowee is a municipal corporation lawfully organized under the laws of the State of Alabama.

(4) Defendants Randolph County Sheriff Larry Collins and Randolph County Deputy Sheriffs William Dillard and Tim Surrett are citizens of Randolph County, Alabama.[1]

(5) Defendant Ed Hay[2], the Chief of Police of the City of Wedowee Police, is a citizen of Randolph County, Alabama.

## FACTS

Construing all the allegations of the complaint as true, the court finds the following facts controlling in this action:

On November 29, 1991, law enforcement officers from the City of Wedowee and Randolph County[3], Alabama entered the plaintiffs' home in Wedowee, Alabama to execute a search warrant. Pl.'s Compl. at ¶ 3. The complaint charges that the law enforcement officers conducted the search and "prosecution" because the plaintiffs, "who are white, associate with black members of the community." Pl.'s Compl. at ¶ 4. Specifically, the plaintiffs allege that Chief of Police Ed Hay told the plaintiffs that he was " 'going to stop all those blacks coming up here [to the house].' " *Id.* In executing the search warrant, the law enforcement officers allegedly used "excessive force in entering the plaintiffs' home, and caused unnecessary physical damage to said home in effecting entry." *Id.*

Moreover, the complaint alleges that Deputy Sheriff William Dillard pointed a weapon in the minor plaintiff's face, "causing her great mental anguish, anxiety and emotional and distress...." *Id.* at ¶ 5. The plaintiffs contend that the deputy sheriff, who is black, pointed the weapon at the child because she is biracial. Pursuant to the search, the law enforcement officers confiscated a .25 caliber weapon, "without just or legal cause, and refused to return same to the plaintiffs upon request." *Id.* at ¶ 6.

Count I of the complaint alleges the following violations of the United States Constitution, as enforced by 42 U.S.C. § 1983: (1) deprivation of due process of law and equal protection under the fifth and fourteenth amendments of the United States Constitution; (2) unreasonable search and seizure in violation of the Fourth Amendment; (3) ex-

---

1. The complaint also names Randolph County as a defendant in this action. The court, however, dismissed this defendant in its order filed January 26, 1994.

2. Ed Hay's name is misspelled in the original complaint. The plaintiffs corrected this error in an amendment filed March 22, 1994.

3. Randolph County encompasses the City of Wedowee.

cessive force under the Fourth Amendment.[4] The plaintiffs also raise pendent state law claims of the tort of conversion (Count II), the tort of outrage (Count III), invasion of privacy (Count IV), civil assault (Count V), false arrest (Count VI) and abuse of process (Count VII).

## DISCUSSION

The defendants challenge the allegations in the complaint, asserting that (1) the Eleventh Amendment prohibits § 1983 actions for monetary relief against state officials sued in their official capacities; (2) that the defendants are not subject to a personal-capacity lawsuit because their alleged actions were taken in their official capacities as sheriff and deputy sheriffs; (3) that under § 1983 the sheriff (Larry Collins) may not be held vicariously liable for the acts of the deputy sheriffs; (4) and that an action for continued detention of property in violation of procedural due process is not actionable because the State of Alabama affords an adequate postdeprivation remedy.

### I. *Eleventh Amendment Immunity*

In determining whether a plaintiff has stated a claim, a court must determine whether it has jurisdiction to award the relief demanded. The Eleventh Amendment to the United States Constitution defines the initial parameters of the court's jurisdiction to entertain the plaintiff's claim for relief. The Eleventh Amendment [5] bars suits for money damages against a state by the citizens of that state, unless the state has specifically waived its immunity from tort. *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 98–100, 104 S.Ct. 900, 906–07, 79 L.Ed.2d 67 (1984).

Because § 1983 does not override a state's sovereign immunity, the plaintiffs may not seek money damages from the State of Alabama. The Supreme Court of Alabama has held that a sheriff is an executive officer of the state and, thus, is entitled to immunity under the Eleventh Amendment and the Alabama Constitution, Art. 1, § 14. *Parker v. Amerson,* 519 So.2d 442 (Ala.1987). This immunity extends to deputy sheriffs because of their "traditional function under Alabama law as the Sheriff's alter ego." *Carr v. City of Florence,* 916 F.2d 1521, 1527 (11th Cir. 1990). While a plaintiff may seek injunctive relief against a state official in his or her official capacity, the plaintiffs in this case do not seek such relief. *See generally Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Accordingly, the motion to dismiss is due to be granted as to the plaintiffs' § 1983 claims against Sheriff Larry Collins and Deputy Sheriffs William Dillard and Tim Surrett in their official capacities.

### II. *Personal Liability*

The caption of the complaint indicates that the plaintiffs are suing the defendants in both their official and individual capacities. The defendants argue that all actions referred to in the complaint arise out of actions taken by the defendants "by virtue of their offices" as sheriff and deputy sheriffs. Mot. to Dismiss at ¶¶ 3, 7. Hence, the defendants argue that the complaint's allegations are tantamount to a suit against them only in their official capacities, thereby giving rise to eleventh amendment immunity.

In *Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the appellant unsuccessfully proposed the same argument to the Supreme Court of the United States:

> Hafer seeks to overcome the distinction between official-and personal-capacity suits by arguing that § 1983 liability turns not on the capacity in which state officials are

---

4. Count I alleges a violation of due process and equal protection, "as well as other rights secured" under the United States Constitution. Pl.'s Compl. at ¶ 8. While not specifically mentioned in Count I, the language of the complaint clearly indicates that the plaintiffs also seek vindication for excessive force and an unreasonable search and seizure.

5. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The protection afforded under the Eleventh Amendment also extends to actions brought by a state's own citizens in federal court. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

sued, but on the capacity in which they acted when injuring the plaintiff. Under *Will*,[6] she asserts, state officials may not be held liable in their personal capacity for actions they take in their official capacity. Although one Court of Appeals has endorsed this view, see *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 942–943 (CA6 1990), we find it both unpersuasive as an interpretation of § 1983 and foreclosed by our prior decisions.

Through § 1983, Congress sought "to give a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position." *Monroe v. Pape*, 365 U.S. 167, 172, 81 S.Ct. 473, 476, 5 L.Ed.2d 492 (1961). Accordingly, it authorized suits to redress deprivations of civil rights by persons acting "under color of any [state] statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. The requirement of action under color of state law means that Hafer may be liable for discharging respondents precisely because of her authority as Auditor General. We cannot accept the novel proposition that this same official authority insulates Hafer from suit.

*Id.* at 27–28, 112 S.Ct. at 363 (emphasis in original) (footnote added). Accordingly, the court finds that a state official may be held personally liable for conduct ensuing from his or her official capacity.

■ Moreover, the court finds that if established as true, the factual allegations could lead to liability under 42 U.S.C. § 1983, precluding the granting of the motion to dismiss. To establish a cognizable claim under § 1983, the plaintiff must establish two elements: (1) that he or she suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States, and (2) that a person "acting under color of law" caused the deprivation, either by an act or omission. *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1031 (11th Cir.1987) (citations omitted).

■ Here, the complaint charges that defendants at all times "... act[ed] as agents, servants or employees of Randolph County and within the line and scope of their duties as such officers," Pls.' Compl. at ¶ 3. Hence, just as in *Hafer*, the defendants Larry Collins, William Dillard and Tim Surrett may be held liable merely because of their positions as sheriff and deputy sheriffs. The plaintiffs' complaint further provides that these defendants violated their constitutional rights, as safeguarded by the fourth, fifth and fourteenth amendments. Accordingly, the court finds that if at trial, the plaintiffs prove that the defendants were acting under color of state law and violated the plaintiffs' constitutional rights, then liability under § 1983 would attach.

The defendants, however, also have raised the defense of qualified immunity, a personal defense which protects public officials from liability in the performance of their discretionary duties. Mot. to Dismiss at ¶ 8. The court will reserve ruling on the issue of qualified immunity in order to allow the parties to present briefs in support of their respective positions.

### III. *Respondeat Superior*

■ In addition, the defendants assert that contrary to the allegations set forth in the complaint, Sheriff Larry Collins, as a supervisor, cannot be held liable for the acts of his employees solely on the basis of respondeat superior (i.e., vicarious liability). *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 (11th Cir.1981), *cert. denied*, 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982). While the court agrees that the doctrine of respondeat superior is inapplicable to hold a supervisor liable for the acts of subordinates, a law enforcement officer may be liable for his or her nonfeasance. *See Fundiller v. City of Cooper City*, 777 F.2d 1436, 1441–42 (11th Cir.1985) ("It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of

6. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

another officer's use of excessive force, can be held liable for his nonfeasance.")[7]

### IV. *Continued Detention of Property*

Finally, the defendants contend that the plaintiffs may not seek relief under § 1983 for the continued retention of the .25 caliber weapon confiscated on the day in question. In *Lindsey v. Storey*, 936 F.2d 554 (11th Cir.1991)[8], the Eleventh Circuit held that no procedural due process violation occurs "... as long as *some* adequate postdeprivation remedy is available." *Id.* at 561 (emphasis in original). In that case, the substantive law of the State of Georgia governed. The Eleventh Circuit found that Georgia's civil cause of action for wrongful conversion of personal property was an adequate postdeprivation remedy, thus holding that law enforcement officers' prolonged retention of the confiscated money and jewelry did not violate the appellants' procedural due process rights.

Likewise, the Alabama legislature has created a statute providing a tort remedy for the unlawful deprivation or interference with an owner's possession of personalty. Ala.Code § 6–5–260 (1975). Moreover, an aggrieved person may file a claim with the state Board of Adjustment to recover damages to property caused by the state of Alabama or any of its agencies. Ala.Code § 41–9–60 (1975). Therefore, under the authority of *Lindsey,* the court finds that the plaintiffs have access to adequate post-deprivation remedies and could not under any set of facts succeed on a claim that the continued retention of the .25 caliber pistol violates their procedural due process rights.

### CONCLUSION

Accordingly, it is CONSIDERED and ORDERED as follows:

(1) that as to the plaintiffs' § 1983 claims against the defendants—Sheriff Larry Collins, Deputy Sheriffs William Dillard and Tim Surrett—in their official capacities, the defendants' motion to dismiss be and the same is hereby GRANTED.

(2) that as to the defendants' assertion that the plaintiffs' § 1983 claims against them in their personal capacities is not cognizable, the defendants' motion to dismiss be and the same is hereby DENIED.

(3)(a) that the defendants—Sheriff Larry Collins, Deputy Sheriffs William Dillard and Tim Surrett—are to file briefs in support of their defense of qualified immunity on or before March 20, 1995;

(b) that the plaintiffs are to file any reply briefs on or before March 31, 1995;

(4) that as to the plaintiffs' claim that the continued retention of their property constitutes a violation of procedural due process, the defendants' motion to dismiss be and the same is hereby GRANTED;

(5) that the guardian ad litem, Ms. Roianne Frith, previously appointed by the court to represent the interests of the minor child involved, actively participate with the attorney for the plaintiffs in the future preparation of this case.

---

7. The second circuit recently revisited the concept of passive participation in *Anderson v. Branen,* 17 F.3d 552, 557 (2d Cir.1994), holding: "It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens for infringement by other law enforcement officers in their presence.... An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used ...; (2) that a citizen has been unjustifiably arrested ...; or (3) that any constitutional violation has been committed by a law enforcement official...."

8. The defendants cite this case as supporting authority.