**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 4 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LAILA GHAMRAWI,

      Plaintiff-Appellant,

v.

CASE & ASSOCIATES PROPERTIES
INC., an Oklahoma corporation,

      Defendants-Appellees.

No. 03-6328
(D.C. No. 02-CV-1473-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **McCONNELL** , **HOLLOWAY** , and **PORFILIO** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Laila Ghamrawi appeals the district court's grant of summary judgment in favor of her former employer, Case & Associates Properties Inc., (Case) on her complaint alleging discrimination based upon her race, religion, and national origin, and retaliation for engaging in protected opposition to discrimination, all in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17. After denying plaintiff's untimely request to file her summary-judgment response out-of-time, the district court granted summary judgment in favor of Case. We affirm.

The district court set forth a detailed account of the facts of this case in its order granting summary judgment to Case, and we reiterate only those facts necessary to our decision. Plaintiff Laila Ghamrawi was born in Jordan and is Muslim. She was hired in July 1998 as a leasing agent for Case, a property management company, and was promoted to a property manager of Case's Walker Station Apartments in September 2000. Plaintiff was terminated in January 2002. The reason given for the termination was plaintiff's failure to correct deficiencies that had been identified in recent property audits and in plaintiff's recent performance evaluation. Plaintiff then filed her discrimination complaint.

Case filed a motion for summary judgment on July 7, 2003. Plaintiff filed three requests for extensions of time to respond; each was granted by the district court. Plaintiff failed, however, to file her response by the last authorized due

date, September 22, 2003. On September 30, 2003, plaintiff filed an untimely fourth request for an extension of time, together with an incomplete response. Plaintiff's counsel stated that deadlines in another litigation matter left her insufficient time to do any work on plaintiff's case. The district court denied the request. Although it considered Case's motion for summary judgment uncontested for lack of a timely response, the district court granted summary judgment only after determining that Case had met its burden of production under Fed. R. Civ. P. 56, and had demonstrated that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law. *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (holding that "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party").

The district court noted the undisputed evidence that supported the legitimate, nondiscriminatory reason given by Case for terminating plaintiff. Comprehensive audits of the Walker Station Apartments in May and October 2001, during plaintiff's tenure as property manager, rated the operation of these apartments as below average, listing discrepancies, errors, and problems in two-thirds of the audit categories. Occupancy rates and rent collection for the Walker Station Apartments both declined during the same period. In December 2001, Case received a survey card from a Walker Station apartment resident

complaining of plaintiff's rude, unprofessional, and unpleasant manner, and reporting that there were eleven tenant signatures for plaintiff's termination.

Plaintiff's annual evaluation in December 2001 rated her as deficient in several job categories, including preparing the apartment units for showing and keeping the grounds neat. The evaluation notified plaintiff that she must immediately correct these problems to remain a manager with Case. Following the evaluation, plaintiff's immediate supervisor, Kim Kirby, and the area supervisor, Becky Dougherty, toured the Walker Station Apartments on three occasions; each time they observed trash on the property grounds, and apartments that were not ready to show. After the third inspection, on January 11, 2002, Ms. Dougherty directed Ms. Kirby to terminate plaintiff's employment.

The district court noted that plaintiff testified in her deposition that Ms. Kirby's husband, who was a co-worker of plaintiff's, made numerous comments to her about her Muslim religion and her Middle Eastern origin after the September 11, 2001, attacks on the World Trade Center. Some of the alleged comments were merely inquisitive, but others could reasonably be construed as offensive and insulting. It was undisputed, however, that these comments were never made in front of Ms. Kirby or any other Case manager or supervisor, and that plaintiff did not complain about the comments or in any way inform Ms. Kirby, Ms. Doughtery, or any other Case manager, supervisor, or human

resources employee about the remarks. The district court also noted plaintiff's testimony that on one occasion, after her performance evaluation, but before her termination, Mr. and Mrs. Kirby lent her a Bible and encouraged her to convert to Christianity.

The district court first determined that plaintiff had not exhausted her administrative remedies as to her race discrimination claim because she failed to include this claim in her complaint to the EEOC. *See Jones v. Runyon*, 91 F.3d 1398, 1399-1400 & n.1. (10th Cir. 1996) ("Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII." (quotation omitted)). Next, it concluded that the comments in question were not sufficiently severe or pervasive to support an inference of a hostile work environment. *See Harris v. Forklift Sys., Inc* ., 510 U.S. 17, 21 (1993) (plaintiff must show workplace "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment" (quotation and citation omitted)). Nor, the court concluded, did the evidence support an inference that the legitimate, nondiscriminatory reasons given by Case for terminating plaintiff were pretextual because there was no evidence of any nexus between the allegedly discriminatory statements by plaintiff's co-worker and the termination decision by Ms. Dougherty. *See Cone v. Longmont United Hosp. Ass'n* , 14 F.3d 526, 531

(10th Cir. 1994) (isolated discriminatory remarks by co-worker insufficient to establish discrimination in firing). Finally, it found no evidentiary support for plaintiff's retaliation claim.

This court reviews the district court's grant of summary judgment de novo, using the same standards applied by the district court. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). The evidence and reasonable inferences drawn from the evidence are viewed in the light most favorable to the nonmoving party. *Id*. Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

On appeal, plaintiff first argues that material issues of fact preclude summary judgment, but she points to no such evidence. *See* Fed. R. App. P. 28(a)(9)(A) ("[Appellant's] argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which appellant relies"). We have reviewed the record, and, for the same reasons stated by the district court, agree that summary judgment in Case's favor was warranted on all claims. Plaintiff argues the district court should have disregarded any evidence from a Case employee, as well as the audit report

evidence and the tenant complaint evidence. This assertion, never raised in the district court, is without merit; the district court properly evaluated all of the evidence in accordance with the standards set forth in Rule 56(c). Plaintiff next argues the district court failed to consider whether, under *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003), there was sufficient evidence for a reasonable jury to conclude that race, religion, or national origin was at least a motivating factor for her termination. Plaintiff never raised this issue before the district court, nor did she create any fact issue as to whether Case's termination was motivated even in part by discriminatory animus.

Plaintiff contends that, although she did not raise race discrimination in her EEOC complaint, that claim should be considered reasonably related to her national origin claim, and therefore within the scope of the EEOC's investigation. We do not address this legal argument, however, because plaintiff never raised it in the district court, even in her untimely filed partial response. *See United States v. Duncan*, 242 F.3d 940, 950 (10th Cir. 2001) ("As a general rule, we do not consider an issue not presented, considered, and decided by the district court.").

During the district court proceedings, plaintiff sought to amend her complaint to add an additional plaintiff who allegedly experienced racial discrimination while employed by Case but who had never filed an EEOC

complaint. Plaintiff argued that this other employee should be permitted to piggyback onto her complaint under the "single filing" exception to the EEOC individual filing requirement. *See Foster v. Ruhrpumpen, Inc*., 365 F.3d 1191, 1197-98 (10th Cir. 2004) (describing requirements of single-filing exception). The district court denied the motion to amend, finding that the proposed new plaintiff was not similarly situated to plaintiff and that plaintiff's EEOC complaint did not give any notice to Case of a possible wider group of nonfiling plaintiffs. We are satisfied from our review of the record that the district court did not abuse its discretion in denying the motion to amend. *See Ben Ezra, Weinstein, & Co. v. Am. Online Inc*., 206 F.3d 980, 987 (10th Cir. 2000) (stating standard of review).

Finally, plaintiff argues that the district court abused its discretion in denying her untimely request to file a late response. The court granted plaintiff three extensions of time to respond. The court first allowed a seven-day extension based on her counsel's workload demands; it next allowed a fourteen-day extension based on the dissolution of counsel's law practice; the court then allowed another thirty-day extension based on counsel's difficulties establishing her own law office. The fourth request was not filed until eight days after the response was due. In it, plaintiff's counsel acknowledged that she intentionally chose to work on another litigation matter, rather than plaintiff's response,

because the other matter was closer to trial. The district court denied the request, ruling that there was no justification for counsel's failure to file a timely request for an extension of time, and that counsel's conscious and deliberate choice to work on another litigation matter did not constitute excusable neglect.

Upon a showing of excusable neglect, a court may allow a party to file an untimely request for an extension of time to file a response. *See* Fed. R. Civ. P. 6(b)(2). Plaintiff contends her untimely request should have been excused because her counsel's workload was out of control and counsel could not timely file the request because of other deadlines. We disagree, and find that the district court did not abuse its discretion in denying the motion under Rule 6(b). *See Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995) (stating standard of review). The court had already generously allowed numerous extensions of time, and plaintiff's counsel's failure to respond by the final deadline was not due to any excusable neglect; she knew of the need to respond, but simply disregarded the deadline because of her workload. *See McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) (ruling that fact that a

solo practitioner is engaged in the preparation of other cases does not establish excusable neglect under Rule 6(b)(2)).

The judgment of the district court is AFFIRMED.


Entered for the Court


Michael W. McConnell
Circuit Judge