United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-11044
Summary Calendar

DUANE DRAPER,

                    Plaintiff - Appellant,

versus

KK FORD, LP; et al.,

                    Defendants,

KK FORD, LP, doing business as Karl Klement Ford, doing business as
King Karl Klement Ford; KARL KLEMENT ENTERPRISES-NEVADA, INC.; TEAM
AMERICA CORPORATION, INC.,

                    Defendants - Appellees.

Appeal from the United States District Court
for the ~~Northern District of~~ Texas
USDC No. 4:05-CV-094-A

Before KING, HIGGINBOT~~HAM, and GARZA,~~ Circuit Judges.

PER CURIAM:*

     In 1988, Duane Draper began working at the Karl Klement Ford

dealership in Decatur, Texas.  In September 2002, he was diagnosed

with leukemia and took FMLA leave.  After his FMLA leave expired,

Draper was still unable to work, and KK Ford terminated Draper's

employment.  He obtained a right to sue letter from the EEOC in

---

     * Pursuant to the 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under limited
circumstances set forth in 5TH CIR. R. 47.5.4.

August 2003.

The case now before us is the second related suit filed by Draper, alleging causes of action under the ADA, FMLA, Title VII, and ERISA.[1]  In the first suit, Draper filed a timely response to the Defendant's motion for summary judgment, after successfully requesting an extension, and argued the merits before the district court, which ultimately granted the motion.  Draper appealed,[2] only to withdraw the appeal and file suit in state court in January 2005.  KK Ford removed the case to federal court and again filed a motion for summary judgment.[3]

Meanwhile, Draper's attorney, Grover Hankins, had applied for admission to the Bar of the Northern District of Texas, that application denied.  However, after a successful appeal initiated in August 2004,[4] Hankins was admitted in January 2006.  During the pendency of that appeal, Draper failed to file a timely response to KK Ford's motion for summary judgment in the instant case and, five days after the expiration of the deadline, moved for an extension

---

[1]  In the first suit, Draper named Karl Klement Enterprises, Inc. as defendant.

[2]  No. 04-11004.

[3]  Team America was a staff leasing company in the position of a co-employer with KK Ford under a client service agreement at relevant times for purposes of Draper's allegations.  During a telephonic proceeding on August 15, 2005, all claims against Team America were voluntarily dismissed.

[4]  See In re: Hankins, 154 Fed. Appx. 424 (5th Cir. 2005) (unpublished).

of time under FED.R.CIV.P. 6(b),[5] which was denied.  Draper stated

that surrogate, local counsel was "engaged in several homicide

cases in state court" and that primary counsel, Hankins, was

"moving his law office."

Neither party addresses the merits of the summary judgment.

Rather, Draper contends that the district court effectively

deprived him of his counsel by not granting an extension under Rule

6(b)(2).[6]  We review for abuse of discretion.[7]

The district court did not abuse its discretion, as the

explanation offered by counsel for the tardiness does little to

demonstrate excusable neglect.  A busy practice does not constitute

excusable neglect.[8]  Moreover, in the motion before the district

court, counsel did not raise the difficulty in obtaining admission

---

[5]
> When by these rules or by a notice given thereunder or by
> order of court an act is required or allowed to be done at or
> within a specified time, the court for cause shown may at any
> time in its discretion...upon motion made after the expiration
> of the specified period permit the act to be done where the
> failure to act was the result of excusable neglect....

FED.R.CIV.P. 6(b)(2).

[6] Appellee's reurge an argument made by motion in October 2005, petitioning us to dismiss for lack of jurisdiction.  Another panel of this Court denied that motion.

[7] *See Bernhard v. Richardson-Merrell, Inc.*, 892 F.2d 440, 444 (5th Cir. 1990) (stating that "absent an affirmative showing by the non-moving party of excusable neglect according to Rule 6(b), a court does not abuse its discretion when it refuses out-of-time affidavits").

[8] *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990) (addressing a missed discovery deadline) (citing *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) ("a busy practice does not establish 'excusable neglect'")).

to the local bar as an impediment to a timely submission.[9]  In fact, Hankins had previously managed to make submissions to the court through local counsel.

AFFIRMED.

---

[9] Presumably, however, the district court knew of the situation since the same court denied Hankins's admission request.