**AN–PORT, INC., Plaintiff,**

v.

**MBR INDUSTRIES, INC., Defendant.**

**Civ. No. 91–1050(JP).**

United States District Court
D. Puerto Rico.

April 24, 1992.

---

**48**

Fernando L. Gallardo, Woods & Woods, Hato Rey, P.R., for plaintiff.

Pedro J. Santa Sánchez, O'Neill & Borges, Hato Rey, P.R., for defendant.

### OPINION & ORDER

PIERAS, District Judge.

The Court has before it Plaintiff's Motion to Alter or Amend Judgment dated October 2, 1991, and Defendant's Motion Requesting a Finding that Defendant is Entitled to an Award of Attorney's Fees dated November 8, 1991. For the reasons set forth below, both motions are hereby DENIED.

Judgment was entered in this case on September 10, 1991, based on an Opinion & Order of the Court of the same date which granted defendant's motion for summary judgment. 772 F.Supp. 1301. The Opinion & Order—based on certain voluntarily admitted, involuntarily admitted and uncontroverted facts—found for defendant on the alternate and independent grounds (i) that plaintiff could not establish that it was a "dealer" pursuant to Section 278(a) of Law 75 of the Puerto Rico Code and that its relationship with the defendant therefore fell outside the protection of Law 75, and (ii) that even if the relationship had fallen within the protection of Law 75 defendant had just cause for the termination of the relationship.

Plaintiff's Motion to Alter or Amend Judgment alleged that (i) a recent decision in this district established that plaintiff *could* be considered a dealer under Law 75, (ii) that plaintiff's non-compliance with discovery deadlines was not purposeful or malicious and therefore should not have resulted in the involuntary admission of facts, and (iii) that considerations of substantial justice favored adjudication of this case based on the merits and not upon facts admitted because of "technical constraints."

█ Plaintiff's request to be relieved from the discovery sanctions is in large part predicated on its counsel's concurrent participation in another case in this district, which is asserted to constitute "excusable neglect" under Rule 6(b) of the Federal Rules of Civil Procedure. The First Circuit has recently held, however, that the fact that an attorney is involved in another trial or has "many calendar commitments" is an insufficient predicate for a claim of excusable neglect. *Accord Méndez v. Banco Popular de Puerto Rico,* 900 F.2d 4, 7–8 (1st Cir.1990) (quoting *Piñero Schroeder v. Federal National Mortgage Ass'n,* 574 F.2d 1117, 1118 (1st Cir.1978) (per curiam)) (" '[m]ost attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences.' ") Furthermore, plaintiff's request appears to assume that the Court imposed the sanctions because it found plaintiff's conduct purposeful or malicious. This is not the case. The Court's various

sanctions—including those set for in its July 12, 1991 Orders—were based solely on the *effect* of plaintiff's non-compliance, which was to delay the discovery agenda established for the case and prejudice the defendant. As for plaintiff's contention that the interests of justice warrant a determination of the issues in this case on the merits, the Court can only note that it wishes in every case that the litigation will proceed in a swift and orderly manner to a determination on the merits. Plaintiff's delinquency and non-compliance alone precluded such a course of events in this case.

The Court therefore finds no valid grounds on which to amend the factual bases of its Opinion & Order. Furthermore, plaintiff's substantive challenge to the Opinion is limited to only one of the two independent grounds for the Court's decision. As a result, even if the Court were to accept plaintiff's contention that its determination regarding whether or not plaintiff was a dealer should be vacated, alternate valid grounds for upholding the decision would remain. The Court therefore finds no cause to even examine plaintiff's substantive challenge. Plaintiff's motion is consequently DENIED.

 Given the procedural history of this case, it came as little surprise to the Court that defendant filed its motion for attorneys fees. Defendant requests attorneys fees under Rule 11 of the Federal Rules and 28 U.S.C. § 1927, which provide for an award of attorneys fees where a losing party is determined, using objective criteria, to have brought a frivolous or unsupported claim or to have acted "unreasonably and vexatiously" in prosecuting its claim. *Accord Cruz v. Savage*, 896 F.2d 626, 630–31 (1st Cir.1990). Under the American Rule, a prevailing party may not recover attorneys fees from the losing party absent a showing of bad faith, vexatious or wanton conduct, or the knowing institution of a meritless action. *Accord Alyeska Pipeline Service v. Wilderness*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *F.D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974); *Ballard's Service Center, Inc. v.*

*Transue*, 865 F.2d 447 (1st Cir.1989). "In imposing sanctions under Rule 11 and measuring attorneys conduct under th[e] objective standard, courts should exercise caution. Courts should avoid using the wisdom of hindsight and instead evaluate the attorney's conduct based upon what was reasonable at the time the attorney acted." *Cruz* at 631. In addition, the test for whether conduct is "vexatious" under Section 1927 is whether it is objectively "harassing or annoying" so that it reflects a " 'serious and studied disregard for the orderly process of justice.' " *Id.* at 632 (citations omitted).

Defendant argues that attorneys fees are appropriate in this case because plaintiff's claims under Law 75 were contrary to the legislative intent of the Act and not well-grounded in fact or law and because plaintiff's non-compliance with discovery orders caused defendant to incur considerable expense. Reviewing plaintiff's complaint and motion for amendment of judgment, the Court finds that plaintiff's claims were not frivolous, vexatious or unreasonable under the prevailing law. It appears that defendant's allegations of unreasonableness are based primarily on plaintiff's conduct during the litigation. As the Court has already noted, the sanctions that were imposed were not the result of a finding of purposeful delay or maliciousness, which the Court finds was not present in this case. In addition, to the extent plaintiff was non-compliant with orders of the Court, sanctions have already been imposed. Defendant's motion is therefore also DENIED.

IT IS SO ORDERED.