37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cindy L. HANSON, Plaintiff-Appellant,
v.
The CITY OF OKLAHOMA CITY, a municipal corporation; Mary
Hill, in her official capacity as Court
Administrator, Defendants-Appellees.
 No. 94-6089.
 United States Court of Appeals, Tenth Circuit.
 Oct. 11, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ms. Hanson sued her employer, the City of Oklahoma City, under Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e-2, claiming she lost her position as a data control clerk because of reverse racial discrimination.[2] The trial court denied the plaintiff's motion for an extension of time within which to oppose the defendant's motion for summary judgment based on counsel's failure to comply with Local Rule 14(H)(3) of the United States District Court for the Western District of Oklahoma. The trial court then denied the plaintiff's motion to reconsider that ruling, or in the alternative, for leave to file an out-of-time response to the motion, and ultimately granted the defendant's unopposed motion for summary judgment. Ms. Hanson assigns error to each of these determinations. Jurisdiction is proper pursuant to 28 U.S.C. 1291 and we affirm.
 
 BACKGROUND
 
 3
 The gist of the complaint is simple. Ms. Hanson, who is white, claims the City's black female administrator promoted a less qualified black female into Ms. Hanson's position, which resulted in Ms. Hanson losing that position and being involuntarily transferred to another position. The City moved for summary judgment on January 10, 1994, and in accordance with Rule 56 and the burdens of proof enunciated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), properly supported its motion with evidentiary material showing that the plaintiff was transferred due to budgetary constraints (i.e., a legitimate, nondiscriminatory reason for its actions), in accordance with an established reduction in force policy, and not "because of" racial animus.
 
 
 4
 On January 28, 1994, the final day for contesting the defendant's motion for summary judgment, Ms. Hanson's counsel filed a request pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure and Local Rule 14(H)[3] for a five-day extension of time (until February 2, 1994) in which to respond to the City's motion. Counsel's sole reason for this request was as follows: "Due to nature of the issues presented in the Defendant's motion Plaintiff will require an extension of time of five days to complete her response to the Defendant's motion." The trial court denied this motion on January 31, 1994, with the following handwritten statement: "Application does not come close to satisfying the requirements of Local Rule 14(H). Defendants motion will be considered unilaterally."
 
 
 5
 The next day, February 1, 1994, Ms. Hanson's counsel filed a motion entitled "Application for leave to file summary judgment response out of time" pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure and Local Rule 14(G). The memorandum in support of the motion to reconsider stated Local Rule 14(H) had not been adhered to because of "inadvertent oversight." In addition, counsel represented that opposing counsel had no objection to the granting of the application. In the alternative, the plaintiff requested leave to file an out-of-time response to the defendant's motion.
 
 
 6
 The trial court denied both of these applications on February 4, 1994, with another handwritten observation: "In this court, schedules are not subject to amendment by agreement between counsel or acquiescence of opponent counsel. The Court sets deadlines in an order. Counsel are obliged to obey the order. No adequate justification is presented here for vacating my prior order." On February 28, 1994, the trial court then entered its order granting the defendant's unopposed[4] motion for summary judgment.
 
 
 7
 Ms. Hanson filed a timely notice of appeal, asserting three claims: (1) the trial court abused its discretion in denying the initial application for an extension of time; (2) the trial court should have reconsidered its decision or alternatively allowed Ms. Hanson to file her response out of time; and (3) summary judgment was inappropriate based on the existence of a genuine issue of material fact. We address these claims in turn.
 
 DISCUSSION
 I.
 
 8
 We review the denial of a request for extension of time made pursuant to Rule 6(b)(1) under an abuse of discretion standard. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 895-96 & n. 5 (1990). In supervising the court, a judge is constantly making case-management oriented decisions which are, of necessity, discretionary. In recognition of the trial court's superior position within which to make these decisions, we afford them a correspondingly deferential level of appellate review under the abuse of discretion standard. The test we apply is not how we would have decided the issue had it been before us, but rather, was the trial court's decision within a broad zone of permissibility.
 
 A.
 
 9
 The first issue on appeal relates to the trial court's denial of the Rule 6(b)(1)/Local Rule 14(H) motion for an extension of time.
 
 
 10
 Ms. Hanson's motion failed to meet the requirements of the applicable local and federal rules. No specific reason was stated for the request as is required by Rule 14(H)(3). In her brief to this court, Ms. Hanson advises us her request for an extension of time was motivated by counsel's last minute determination that additional evidence and research would be helpful. Even assuming this information to be sufficiently concrete to enable us to judge the validity of the request for an extension of time, we must observe the proffered reasons fail to comply fully with the local rule in that no explanation was offered as to why the action was not accomplished earlier. While we are cognizant that courts often review Rule 6(b)(1) motions "liberally," Baden v. Craig-Hallum, Inc., 115 F.R.D. 582, 585 (D. Minn.1987), we note that liberal construction does not require a court to rewrite counsel's otherwise deficient pleadings.
 
 
 11
 We cannot fault a trial court for employing valid case management techniques. Counsel should and must realize that many litigants are seeking to have their cases timely heard. The only method a trial court has to assure that cases will be promptly decided is through local rules such as Rule 14. All that is asked by local Rule 14 is for counsel to state a specific reason for the request which, in turn, gives the trial court the basis for a decision in ruling upon the request for delay. When counsel fails to give a reason for a request, a trial court ordinarily will not abuse its discretion in denying the request. Any other answer would, as a practical matter, result in this court attempting to manage the trial court's docket, which is a totally unacceptable solution. We therefore reject this assignment of error.[5]
 
 B.
 
 12
 The second issue presented to us is whether the trial court erred in denying the motion to reconsider its Rule 6(b)(1) ruling and whether the district court abused its discretion in denying the plaintiff's Rule 6(b)(2)/Local Rule 14(G) motion for leave to file an out-of-time response to the defendant's motion for summary judgment.
 
 1.
 
 13
 We cannot agree with plaintiff's counsel that all motions for reconsideration are governed by the standards enunciated in Rule 60(b). "The Federal Rules do not recognize a motion for reconsideration' in haec verba." Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir.1990). We have held a motion drawing into question the correctness of a judgment is to be treated as a Rule 59(e) motion, notwithstanding the rulings of our sister circuits. See Cooper v. Singer, 689 F.2d 929, 930 (10th Cir.1982) (citing James W. Moore, et al., 9 Moore's Federal Practice 1/2204.12, at 4-67 (2d ed.1994)), cited in Hannon v. Maschner, 981 F.2d 1142, 1144 n. 2 (10th Cir.1992). But see United States v. Nutri-Cology, Inc., 982 F.2d 394, 397 (9th Cir.1992) (noting that a motion to reconsider may be treated under Rule 59(e) or Rule 60(b)); Lavespere, 910 F.2d at 173 (noting that whether a motion to reconsider is treated under Rule 59(e) or Rule 60(b) depends on whether the motion was filed within ten days of the judgment at issue); A.D. Weiss Lithograph Co. v. Illinois Adhesive Prod. Co., 705 F.2d 249, 249-50 (7th Cir.1983) (per curiam) (same).
 
 
 14
 We review a district court's decision on a motion to alter or amend the judgment under Rule 59(e) (i.e., on a motion to reconsider) for an abuse of discretion. See Lavespere, 910 F.2d at 174 ("the district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration"); McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir.1983). In deciding this issue, we agree with the Lavespere court that the relevant considerations guiding our inquiry are the reasons for the moving party's default, the relative importance of the omitted evidence, whether the evidence was available to the non-movant earlier, and the likelihood of unfair prejudice. See Lavespere, 910 F.2d at 174.
 
 
 15
 We conclude the reason for the plaintiff's default is not attributable to excusable neglect, which we discuss below, and that the omitted evidence would not have altered the outcome. We are of the opinion that this additional evidence was in fact available to the plaintiff earlier as it was attached to the defendant's motion for summary judgment that was filed on January 10, 1994. Finally, in view of our conclusion that the additional evidence sought to be introduced would not affect the outcome, we find no unfair prejudice to the plaintiff. In short, then, we find no abuse of discretion in denying the motion to reconsider the Rule 6(b)(1) motion.
 
 2.
 
 16
 In the alternative, the plaintiff argues that the district court abused its discretion in denying the Rule 6(b)(2) motion for leave to file an out-of-time response to the motion for summary judgment.
 
 
 17
 The Supreme Court has interpreted Rule 6(b)(2), in accordance with its plain language, as permitting the filing of an out-of-time response "only where the failure to meet the deadline was the result of excusable neglect.' " Lujan, 497 U.S. at 896 (emphasis added) (citing Fed.R.Civ.P. 6(b)(2)). Because we find that counsel failed to make the requisite showing of excusable neglect, we find no abuse of discretion.
 
 
 18
 Initially, we agree with the district court that court-established schedules are not subject to amendment through the acquiescence of opposing counsel. On the merits, we find counsel's vague references to "previously scheduled legal commitments" insufficient to establish excusable neglect under Rule 6(b)(2). See McLaughlin v. City of LaGrange, 662 F.2d 1385, 1387 (11th Cir.1981), cert. denied, 456 U.S. 979 (1982); see also Taumby v. United States, 902 F.2d 1362, 1367 (8th Cir.1990), vacated on other grounds, 919 F.2d 69; An-Port, Inc. v. MBR Indus., Inc., 142 F.R.D. 47, 48 (D.P.R.1992) (citing First Circuit cases). Therefore, we find no abuse of discretion in denying this motion.
 
 II.
 
 19
 Ms. Hanson's final argument is summary judgment was improperly granted based on the existence of a genuine issue of material fact. We review the grant of summary judgment de novo, applying the same legal standard used by the district court under Rule 56(c). See Anaconda Minerals Co. v. Stoller Chem. Co., 990 F.2d 1175, 1177 n. 3 (10th Cir.1993) (citing Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990)).
 
 
 20
 The district court's holding was under the uncontroverted facts of this case the plaintiff failed to carry her burden of presenting sufficiently credible evidence to show that the defendant's proffered explanation was a pretext for discrimination. See Cone v. Longmont United Hosp. Assn., 14 F.3d 526, 530 (10th Cir.1994); see also E.E.O.C. v. Flasher Co., 986 F.2d 1312, 1320-21 (10th Cir.1992) (discussing the pretext issue). In this specific context, we have held that the plaintiff must show "that a discriminatory reason more likely motivated the employer or ... that the employer's proffered explanation is unworthy of credence.' " Cone, 14 F.3d at 530 (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981)).
 
 
 21
 In the present case, the district court correctly concluded that under the defendant's statement of uncontroverted facts in this case, the plaintiff had failed to carry her burden of showing that race was a determining or motivating factor in the City's employment decision. See St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2749 (1993) (plaintiff retains the ultimate burden of persuasion in a discrimination case). We have reviewed the additional evidence counsel wished to submit to the district court. We note that all of it, with the exception of one page of testimony, was already before the court through attachments to the defendant's motion. Notwithstanding that fact, two of the three pieces of evidence are irrelevant since they rely on the wrong reduction in force policy. The last piece of evidence, which relates to the plaintiff's subjective beliefs as to the defendant's motives, is insufficient to create a genuine issue of fact on the issue of whether race was a motivating factor in this case. Therefore, we find summary judgment would have been appropriate even in light of the additional material plaintiff wished to submit. The defendant made the requisite showing under Rule 56(c); the plaintiff did not.
 
 
 22
 Accordingly, the judgment of the trial court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The plaintiff's claim was based on the theory of disparate treatment (i.e., intentional discrimination) as opposed to disparate impact. See International Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n. 15 (1977). The sine qua non of a disparate treatment claim is proof of discriminatory intent; that is, the plaintiff must show that race was a motivating factor in the employer's decision. See Faulkner v. Super Valu Stores, Inc., 3 F.3d 1419, 1424 (10th Cir.1993)
 
 
 [3]
 Local Rule 14(H) delineates the information that must be included in a motion for an extension of time. Subsection (3) is relevant to the case at bar, and it provides that an application for an extension of time shall state "specific reasons for such requested extension to include an explanation why the act was not done within the originally allotted time."
 
 
 [4]
 The record does not reveal why plaintiff's counsel did not file any opposition to the defendant's motion for summary judgment. Counsel requested an extension of time "to incorporate facts already in existence in order to establish discriminatory intent in response to the Defendants' Motion." Why counsel did not file some opposition and then seek leave to file a supplemental opposition incorporating these additional facts is unclear
 
 
 [5]
 To the extent that the parties analyze this issue under Rule 56(f), our conclusion is unaffected for two reasons. First, Rule 56(f) was intended to allow a party to obtain "a continuance to permit additional discovery." Dreiling v. Peugeot Motors of America, Inc., 850 F.2d 1373, 1377 (10th Cir.1988) (emphasis added). It does not appear to us that plaintiff's counsel was in fact requesting a continuance for the purpose of obtaining additional discovery, but rather, that counsel wished to reformulate its position in regard to the issue of the defendant's alleged nondiscriminatory reason for its actions. Therefore, the applicability of Rule 56(f) is suspect. Second, and perhaps more importantly, we have clearly and unequivocally stated that the protections of Rule 56(f) "arise[ ] only if the nonmoving party files an affidavit explaining why he or she cannot present facts to oppose the motion." Dreiling, 850 F.2d at 1376 (emphases added) (citing Weir v. Anaconda Co., 773 F.2d 1073, 1082 (10th Cir.1985)). Because plaintiff's counsel did not file an affidavit, the protections of Rule 56(f) are unavailable