66 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry L. CLARK, Plaintiff-Appellant,
v.
H.R. TEXTRON, INC.; Textron, Inc.; Paul Revere Insurance
Group, Defendants-Appellees.
 No. 94-55212.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 10, 1995.
Decided Sept. 8, 1995.
 
 Before: THOMPSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Terry L. Clark appeals the district court's summary judgment in favor of Paul Revere Insurance Group (Revere). Before granting summary judgment, the court denied Clark's untimely motion, made pursuant to Federal Rule of Civil Procedure 6(b)(2), for an enlargement of time to file his opposition papers. Consequently, summary judgment was granted solely on the basis of Revere's moving papers and exhibits.
 
 
 3
 We affirm the denial of Clark's Rule 6(b)(2) motion for enlargement of time, because we agree with the district court that the failure of Clark's counsel to timely file the motion was not excusable neglect.
 
 
 4
 However, we find merit in Clark's contention that Revere's papers failed to support the discretionary standard of review applied by the district court. We therefore reverse the grant of summary judgment and remand for the district court to determine the proper standard of review to apply to Revere's decision to deny Clark benefits.
 
 FACTS
 
 5
 This appeal arises out of an action brought by Clark against Revere, alleging Revere wrongfully denied him long-term disability benefits in violation of ERISA. These benefits were part of Clark's employment package with H.R. Textron. Clark was employed by H.R. Textron as an accounting manager until he resigned in January 1990.
 
 
 6
 In his application for benefits, Clark claimed he was totally disabled by chronic asthma and a "panic disorder." In order to receive benefits under the policy, Clark had to demonstrate his disabilities precluded him from performing any occupation. On the basis of Clark's medical records and claim form, Revere concluded Clark could perform sedentary work, because according to Revere: (1) Clark declared his ability to work by applying for, and receiving, unemployment benefits, and by job interviewing; and (2) the medical evidence did not support his claim of total disability.
 
 
 7
 On November 22, 1993, Revere personally served its motion for summary judgment on Clark's counsel. The motion was filed with the district court the next day and scheduled for hearing on December 13, 1993. Pursuant to the local rules, Clark's opposition to the motion was due on November 29, 1993, fourteen days prior to the hearing date.
 
 
 8
 On November 30, 1993, the day after the opposition was due, Clark's counsel contacted Revere's counsel seeking a stipulated enlargement of time to file his opposition. Revere's counsel refused.
 
 
 9
 On December 3, 1993, Clark filed an Ex Parte Application for Continuance of Hearing on Motion for Summary Judgment, apparently pursuant to Rule 6(b)(2). Clark's principal argument was that an order issued on November 4, 1993 by a district court judge in another case precluded him from working on other cases, including Clark's.
 
 
 10
 The district court denied Clark's Rule 6(b)(2) motion. The district court then granted summary judgment in Revere's favor. The court found that after reviewing Revere's moving papers and exhibits, no issues of triable fact existed. This appeal followed.
 
 DISCUSSION
 
 11
 A. Did the district court abuse its discretion by denying Clark's motion for an enlargement of time?
 
 
 12
 Clark contends the district court abused its discretion by denying his motion for an enlargement of time to file his opposition papers. According to Clark, his failure to file the motion for an enlargement of time before his opposition papers were due resulted from his counsel's excusable neglect. See Fed.R.Civ.P. 6(b)(2) (A district court may, within its discretion, permit a party to file an untimely motion, "when the failure to act was the result of excusable neglect.").
 
 
 13
 Clark relies on Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 113 S.Ct. 1489 (1993). In Pioneer, the Supreme Court defined "excusable neglect" in equitable terms. See id. at 1498 (The determination of whether neglect is excusable "at bottom is an equitable one, taking account of relevant circumstances surrounding the party's omission."). This is in contrast to the stricter standard employed by the district court in denying Clark's motion. Clark urges us to remand for the district court to reconsider its ruling in light of Pioneer.
 
 
 14
 Pioneer is inapposite, because this case does not involve "neglect," excusable or otherwise. To the contrary, it involves conscious inaction on the part of counsel. As counsel conceded at oral argument, he was aware of Revere's summary judgment motion at least two days prior to the deadline for filing his opposition. However, rather than move for an extension of time (a simple procedure) he chose to do nothing. Such deliberate inaction cannot, by definition, be neglectful.
 
 
 15
 Counsel offers only one excuse for his untimely motion to enlarge time--that the order of another court precluded him from working on any other case, including Clark's. We agree with the district court that the order had no such effect. The district court did not abuse its discretion by denying Clark's motion for an enlargement of time. Kyle v. Campbell Soup Company, 28 F.3d 928, 930 (9th Cir.) (reviewing a finding of inexcusable neglect under Rule 6(b) for abuse of discretion), cert. denied, 115 S.Ct. 185 (1994).
 
 
 16
 B. Did the district court apply the proper standard of review?
 
 
 17
 In his reply brief, Clark for the first time contends Revere's papers failed to support the abuse of discretion standard of review the district court employed in ruling on the motion for summary judgment.[1]
 
 
 18
 Clark first contends that under controlling authority, the denial of benefits should be reviewed de novo except where the terms of an ERISA plan grant the administrator broad discretion to determine eligibility for benefits or to construe the plan terms. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1988) (holding that a denial of ERISA benefits "is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan"). Revere never introduced the plan or any evidence of its material terms, and thus, Clark argues, the district court could not determine whether Revere possessed the requisite discretion needed to trigger an abuse of discretion review.
 
 
 19
 There is no evidence in the record that Revere does not possess broad discretion to determine Clark's eligibility for benefits. In fact, the record suggests the contrary. Most tellingly, Clark does not dispute that Revere possesses such discretion. Instead Clark merely challenges the absence of the plan document from the record--a technical point at best.
 
 
 20
 Clark's second argument is more persuasive. He contends that because Revere had a conflict of interest, its actions should be reviewed with heightened scrutiny. See Atwood v. Newmont Gold Co., Inc., 45 F.3d 1317, 1322 (9th Cir.1995) (This court "appl[ies] 'heightened scrutiny' where the plan administrator has a conflict of interest by virtue of its economic stake in the benefit decisions which it makes."). As the record makes apparent, Revere is both the administrator and the insurer of H.R. Textron's plan. See Brown v. Blue Cross & Blue Shield of Alabama, 898 F.2d 1556, 1562 (11th Cir.1990) (applying a stricter standard of review because "a strong conflict of interest [exists] when the fiduciary making a discretionary decision is also the insurance company responsible for paying the claims") (internal quotations omitted), cert. denied, 498 U.S. 1040 (1991).
 
 
 21
 To trigger heightened scrutiny review, however, Clark must present "material, probative evidence, beyond the mere fact of the apparent conflict, tending to show" that Revere acted in bad faith as a result of this relationship. Atwood, 45 F.3d at 1323. Revere then "bears the burden of producing evidence to show that the conflict of interest did not affect the decision to deny benefits." Id. If Revere cannot meet this burden, Revere's decision to deny Clark benefits must be reviewed de novo. Id.
 
 
 22
 Revere's reliance on Clark's application for unemployment benefits evidences bad faith. Clark's eligibility for unemployment benefits has nothing to do with whether he's totally disabled. Moreover, because the plan requires beneficiaries to apply for all benefits potentially available to them, Revere's interpretation places beneficiaries in an "untenable position." Brown, 898 F.2d at 1572 ("hold[ing] [insurer] to task for adopting a construction that places a beneficiary in an untenable position").
 
 
 23
 Further evidence of bad faith is Revere's "suggestion" that the release Clark signed when he resigned barred him from receiving benefits. The release specifically states that it shall not "be construed to extend, modify or affect any medical, workers compensation, ERISA or other benefits to which Terry L. Clark may have been entitled as of the date of termination of the employment relationship."
 
 
 24
 Even assuming the determination by Revere's reviewing physicians that Clark was not disabled formed a permissible basis for denying Clark benefits, that "is not enough to impute good motives to [Revere's] entire consideration of [Clark's] claim. The self-interest under which [Revere] operates may not manifest itself in conscious favoritism of its interests over [Clark's]. Consequently, [Revere] may act in good faith in one respect and subconsciously advance its interests in another respect." Id. at 1572 n. 19.
 
 
 25
 Viewing the record in the light most favorable to Clark, there are disputed issues of material fact relevant to the proper standard of review. See Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir.1993) (forbidding district courts from granting summary judgment simply because the nonmovant failed to file opposition papers, when the movant's papers reveal genuine issues of fact on their face). We reverse the district court's grant of summary judgment. On remand, the district court should determine the proper standard of review to apply to Revere's decision to deny Clark benefits. It should then apply that standard to determine whether Revere improperly denied Clark's claim.
 
 
 26
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Ordinarily, because this issue was not raised by Clark in his opening brief, we would deem it waived. See, e.g., Cross v. Washington, 911 F.2d 341, 345 (9th Cir.1990), cert. denied, 499 U.S. 922 (1991). However, Revere addressed the issue in its brief, and because we review the district court's grant of summary judgment de novo and this is a threshold issue, we consider it in this appeal. See Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994)