UNITED STATES COURT OF APPEALS
**Filed 1/10/97**
FOR THE TENTH CIRCUIT

STEPHEN L. STRINGFELLOW,

     Plaintiff-Appellant,

v.

JESSE BROWN, Secretary of the
Veterans Administration,

     Defendant-Appellee.

No. 95-7145
(D.C. No. CV-95-123-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before EBEL and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Stephen L. Stringfellow appeals the district court's entry of summary judgment based on his failure to respond to defendant's motion as required by a local rule.  Because the district court did not abuse its discretion in finding that the proffered reasons for not responding were not "excusable neglect," we affirm.

In March 1995, plaintiff filed this action against his former employer, alleging employment discrimination and retaliation.  After answering, defendant filed a motion to dismiss and a motion for summary judgment.  Plaintiff did not respond to these motions within ten days, as required by Local Rule 14(a).  Nine days after the responses were due, the district court entered an order granting summary judgment based on plaintiff's failure to respond.  Ten days later, plaintiff filed a motion to vacate and reconsider the order, with a brief and a copy of his proposed response to the summary judgment motion.  The motion stated that plaintiff's response and brief were not filed when due "because of the voluminous evidentiary materials that had to be examined to prepare the Response and Brief and because of the responsibilities of Plaintiff's counsel in other cases which had similar deadlines and required similar attention and briefs."  Appellant's App. at 123.  The district court denied the motion, finding that "the

proffered reasons are wholly inadequate to establish the necessary excusable neglect." Id. at 367.

We review the district court's denial of plaintiff's motion to reconsider for an abuse of discretion. Thompson v. City of Lawrence, 58 F.3d 1511, 1514-15 (10th Cir. 1995). "An abuse of discretion is defined in this circuit as a judicial action which is arbitrary, capricious, or whimsical." Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990). We review the entire record to ascertain if the trial court failed to recognize some compelling reason for granting relief. Id.

Under Rule 6(b), the court may, in its discretion, accept late filings because the failure to file on time was excusable neglect. Lujan v. National Wildlife Fed'n, 497 U.S. 871, 896-97 (1990); Fed. R. Civ. P. 6(b). The Lujan Court noted that the demonstration of excusable neglect is the greatest "substantive obstacle" under Rule 6(b). 497 U.S. at 897.

The Supreme Court has recently elaborated on the meaning of "excusable neglect," in the context of the courts' discretionary powers to excuse certain failures: "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 388

(1993)(emphasis supplied). To determine whether the neglect is "excusable," the court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395. Control over the circumstances of the delay is "the most important single . . . factor . . . in determining whether neglect is excusable." City of Chanute v. Williams Nat. Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994)(citations omitted).

This court has "recognize[d] that a finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by [movant] and it must also appear that there was a reasonable basis for not complying with the specified period." Four Seasons Secs. Laws Litig. v. Bank of Am., 493 F.2d 1288, 1290 (10th Cir. 1974)(citing 4 Charles A. Wright & Arthur E. Miller, Federal Practice and Procedure § 1165 (1969)). Here, however, plaintiff has not even alleged that his failure to respond was due to inadvertence, mistake, or carelessness. Cf. Miller v. Dep't of the Treasury, 934 F.2d 1161, 1162 (10th Cir. 1991)(finding excusable neglect when plaintiff did not receive motion due to incarceration); Hancock v. City of Oklahoma City, 857 F.2d 1394, 1396 (10th Cir. 1988)(finding

excusable neglect when attorney did not spot summary judgment motion in large stack of trial motions).

Instead, it appears that plaintiff's attorney received the motion and knew of the need to respond, but simply disregarded the deadline based on the volume of evidence to be reviewed and his workload. No explanation or "reasonable basis" is given why an extension was not requested. Because plaintiff's failure to respond does not seem to be due to "neglect," there was no error in denying his motion for reconsideration. See, e.g., Thompson, 58 F.3d at 1515 (noting that plaintiffs failed to allege or prove excusable neglect by arguing that response actually had been mailed); Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1519 (10th Cir. 1990)(characterizing failure to file timely counterclaim as tactical, and thus not due to oversight, inadvertence, or excusable neglect); Clark v. H.R. Textron, Inc., No. 94-55212, 1995 WL 536103, at **2 (9th Cir. Sept. 8, 1995)(unpublished table decison)(stating that counsel's "deliberate inaction" in failing to even move for an extension of time under Rule 6(b) "cannot, by definition, be neglectful").

Even if plaintiff's failure to respond was due to neglect, the district court did not abuse its discretion in determining that the neglect was not excusable. In Hanson v. City of Oklahoma City, No. 94-6089, 1994 WL 551336, at **1 (10th Cir. Oct. 11, 1994)(unpublished table decision), counsel filed a timely request for a five-day extension of time pursuant to Rule 6(b)(1) and Local Rule 14(H), citing

the "nature of the issues presented." The Tenth Circuit affirmed the district court's exercise of discretion in denying the motion stating "[w]hen counsel fails to give a reason for a request, a trial court will ordinarily not abuse its discretion in denying the request." Id. at **2. The Court further found "counsel's vague references to 'previously scheduled legal commitments' insufficient to establish excusable neglect under Rule 6(b)(2)." Id. at **4. Similarly here, where counsel did not even move for an extension of time, his busy workload does not establish excusable neglect under Rule 6(b)(2). See McLaughlin v. City of LaGrange, 662 F.2d 1385, 1387 (11th Cir. 1981)(stating "[t]he fact that counsel has a busy practice does not establish 'excusable neglect' under Rule 6(b)(2)"). "If there was 'excusable' neglect here, we have difficulty imagining a case of inexcusable neglect." Prizevoits v. Indiana Bell Tel. Co., 76 F.3d 132, 134 (7th Cir. 1996)(finding no excusable neglect where counsel's "unaccountable lapse" caused expiration of time for filing notice of appeal).

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge

-6-