**FREIRIA TRADING CO., INC., Plaintiff,**

v.

**MAIZORO S.A. de C.V., Defendant.**

Civ. No. 98–1020(JP).

United States District Court,
D. Puerto Rico.

June 1, 1999.

Hilda M. Surillo Peña, Hato Rey, P.R., for plaintiff.

Manuel Fernández Bared, McConnell Valdés, San Juan, P.R., for defendant.

### *ORDER*

PIERAS, Senior District Judge.

The Court has before it Defendant Maizoro S.A. de C.V.'s ("Maizoro") Informative Motion Regarding Initial Scheduling Conference Order (docket No. 25) and Plaintiff Freiría Trading Corporation Inc.'s ("Freiría") Response to Defendant's "Informative Motion" (docket No. 26). Defendant's motion states that Plaintiff has failed to do the following, which were ordered by the Court in the March 30, 1999 Initial Scheduling Conference Order: provide Defendant with a copy of its Initial Scheduling Conference Memorandum; provide Defendant with its interrogatories, document requests, and requests for admissions by March 23, 1999; answer Defendant's interrogatories by April 16, 1999, and; provide descriptions of alleged excess shipments and documentation of the lease at issue by April 20, 1999. Defendant also points out that Plaintiff unilaterally canceled the depositions of Evaristo Freiría and Domingo Diaz Soto's, causing Defendant to incur fees, costs, and expenses in the preparation of depositions.

Plaintiff first asserts that Defendant's motion is improper as Defendant's attorneys never attempted to discuss the discovery matters at issue with Plaintiff's counsel as required by Local Rule 311(11). Further, Plaintiff addresses Defendant's contentions by stating that it did timely file and send a copy of its Initial Scheduling Memorandum to Defendant. In addition, Plaintiff points out that Defendant never attempted to get a copy of the ISC Memo from either Plaintiff or the Clerk's Office. Plaintiff informs the Court that on May 14, 1999, the date Plaintiff filed its Response Motion, it provided Defendant the information listed in its motion as outstanding. The reason given for the delay is that Plaintiff's attorney's law firm has been involved with the "Rio Piedras Explosion litigation," which has required intense and extensive discovery, and further, that two attorneys resigned from the firm. Plaintiff's attorney also notes that he is going out of town from May 14 until June 2, 1999, which has made it difficult to comply with the Court's Orders, and that he informed the Court of this fact at the ISC. Finally, Plaintiff requests a 15 day extension until June 15, 1999 to file its expert report and evidence.

The Court first notes that Defendant does not seek specific sanctions in its motion, but rather asks the Court to "take notice of the foregoing and provide the remedies that it deems appropriate." (Def.'s Informative Mot. at 4). The Rule governing sanctions for discovery violations, Federal Rule of Civil Procedure 37, allows a Court to sanction a party for a failure to "obey an order to provide or permit discovery." Fed.R.Civ.P. 37(b)(2). If a court has entered an order compelling discovery and a party has dis-

obeyed this order, the court may impose sanctions including the dismissal of the action, prohibiting the party who violated the order from introducing designated matters into evidence, and requiring the party to pay the reasonable expenses, including attorney's fees, caused by the failure to comply. *See id.; United States Fidelity & Guaranty Co. v. Baker Material Handling Corp.,* 62 F.3d 24, 29 (1st Cir.1995).

■ Although the Local Rules of this district require attorneys to confer in advance before filing a motion related to discovery, this does not make Defendant's motion premature. *See* Local Rule 311(11). The dispute at issue involves Plaintiff's failure to provide discovery pursuant to a Court Order as well as Plaintiff's unilateral cancellation of a Court-scheduled deposition. While defense counsel may have avoided filing the motion at issue by communicating directly with Plaintiff's attorneys, it is equally likely that such a conference would have been useless, considering Plaintiff's flagrant disregard for the Court's ISC Order. The Court finds that the issues presented in Defendant's motion are not simply discovery disputes, but rather involve the direct violation of a Court Order. Thus, Defense counsel acted properly in bringing the matters to the Court's attention without first conferring with Plaintiff's attorneys.

■ The Court finds that Plaintiff's attorney's excuse for its late compliance with the ISC Order, that the law firm is busy with another case, can not be considered "excusable neglect." *See An–Port, Inc. v. MBR Ind., Inc.,* 142 F.R.D. 47, 48 (D.Puerto Rico) (Pieras, J.) (citing *Mendez v. Banco Popular de Puerto Rico,* 900 F.2d 4, 7–8 (1st Cir. 1990)). As stated accurately by the First Circuit "[m]ost attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." *Pinero Schroeder v. Federal National Mortgage Ass'n,* 574 F.2d 1117, 1118 (1st Cir.1978) (per curiam). Thus, being involved in another case—even a high profile case—will not excuse an attorney from following court orders in a different case.

The Court, therefore, must determine the appropriate sanctions for Plaintiff's inexcusable disregard for the Court's ISC Order. As Defendant does not seek any specific sanction, the Court will determine what is "just" to both parties. Fed.R.Civ.P. 37(b)(2). Plaintiff states that it has provided Defendant with the documents, interrogatories, and other production sought by Defendant was provided on May 14, 1999. Further, Plaintiff alleges that no harm or unjustified burden has been caused by the delay in production. The Court disagrees.

■ The purpose of the Initial Scheduling Conference and Order is to streamline litigation and reduce the cost and delay that is so frequently a part of federal court litigation. These goals were envisioned by Congress when it passed the Civil Justice Reform Act, and this Court furthers these goals with its own case management system, namely the Initial Scheduling Call, Conference, and Order. Although Plaintiff's delay of approximately one month in providing documents, interrogatories, and other discovery does not alter the trial or dispositive motion deadline in this case, it did affect both the Court's case management system and Defendant's preparation for trial or an early settlement of the case.

■ At the ISC, both parties were aware of and agreed to the discovery schedule and other deadlines. Any disturbance of the pretrial schedule without the consent of the opposing party and the Court disturbs the pretrial process and trial preparation. Although Plaintiff may not have intended to cause any harm to Defendant by its non-compliance, this does not excuse its neglect. The Court, therefore, **SANCTIONS** Plaintiff in the amount of **$500.00,** to be paid to the Clerk of the Court on or before **June 10, 1999,** for its willful non-compliance with the deadlines set in the ISC Order. The Court notes that the imposition of monetary sanctions to be paid to the Court as a punitive sanction in order to deter attorney neglect of their Court obligations is appropriate under Rule 37(b)(2). *See Jaen v. Coca–Cola Co.,* 157 F.R.D. 146, 149–50 (D.Puerto Rico 1994) (Pieras, J.) (discussing in detail the propriety of imposing

**50**

monetary sanctions paid to the Court for discovery violations).

■ The Court next addresses Plaintiff's unilateral cancellation of the depositions of Evaristo Freiría and Domingo Díaz Soto. Plaintiff offers no excuse for its failure to appear for the scheduled depositions or produce these witnesses, but rather, merely states that "[t]here is no harm done to defendant[ ]." Plaintiff's contention that there was no harm done by the cancellation of a court ordered deposition—scheduled a month and a half prior to the deposition date—is untenable. Aside from the concerns discussed above regarding the Court's case management schedule and Defendant's preparation for trial, Defendant claims it has incurred attorney's fees, costs, and expenses preparing for a deposition that did not occur. Thus, Plaintiff **SHALL** pay the costs, fees, and expenses of Defendant resulting from the canceled deposition. Defendant **SHALL** submit a bill of costs, including receipts, billing records, and other documentation related to its request for reimbursement on or before **June 10, 1999.**

In addition, the Court believes it is appropriate to further sanction Plaintiff in the amount of $500.00, to be paid to the Court on or before **June 10, 1999,** for failing to appear for depositions as ordered. The parties were aware that the failure to comply with any of the Orders in the ISC Order may result in sanctions including the "imposition of a fine." (ISC Order at 19). The Court will not tolerate Plaintiff's attorney's disregard for its Orders and believes the imposition of an additional monetary sanction is an effective way to punish Plaintiff's misconduct and deter future violations.

■ The Court has been informed by Defendant's counsel that the canceled depositions have not yet taken place, and thus, the Court hereby **RESETS** the depositions of Evaristo Freiría and Domingo Díaz Soto for **June 8, 1999 at 9:30 a.m.** to continue from day to day until completed. If either witness fails to appear for the scheduled deposition the Court will bar them from testifying at trial and in all other proceedings in this case. The Court NOTES that Plaintiff did file a timely ISC Memorandum, and that to avoid

any future problems, both parties shall **personally serve** opposing counsel with all filings and discovery. Finally, the Court GRANTS Plaintiff's request to submit its expert report on or before June 15, 1999. If Plaintiff fails to personally serve Defendant with the expert report at this time, the Court will bar Plaintiff's expert from testifying at trial.

**SO ORDERED.**