Leyda **MULERO–ABREU,**
**et al., Plaintiffs,**

v.

**PUERTO RICO POLICE**
**DEPARTMENT, et al.,**
**Defendants.**

**Civil No. 09–1652 (FAB).**

United States District Court,
D. Puerto Rico.

March 17, 2011.

Frank D. Inserni–Milam, Frank D. Inserni Law Office, San Juan, PR, for Plaintiffs.

Yadhira Ramirez–Toro, Department of Justice, Wandymar Burgos–Vargas, P.R. Department of Justice, San Juan, PR, for Defendants.

### OPINION AND ORDER[1]

BESOSA, District Judge.

The Court has before it defendants' "Motion Requesting Order to Dismiss Complaint with Prejudice Due to Plaintiffs' Failure to Comply with Court's Order," in which defendants request that the Court dismiss plaintiffs' complaint for failure to comply with Court-ordered discovery. (Docket No. 97.) The motion is unopposed. For the reasons stated below, the Court hereby **GRANTS** defendants' motion and **DISMISSES** the complaint **with prejudice.**

### I. Procedural Background

On February 17, 2010, the Court entered an Initial Scheduling Conference Order by which it required the parties to complete discovery by November 18, 2010. (Docket No. 14.) After this order, both parties requested time extensions. The defendants first requested an extension on November 4, 2010 due to counsel's medical family emergency, and then on February 28, 2011 due to incomplete discovery stemming in part from

---

1. Hiram Angueira, a second-year student at University of Puerto Rico Law School, assisted in the preparation of this Opinion and Order.

a scheduling conflict of the plaintiffs' attorney. (Docket Nos. 69, 81 and 82.) The Court granted both extensions. (Docket Nos. 71 and 83.)

On February 24, 2011, the plaintiffs filed for a second extension until March 25, 2011, again citing a scheduling conflict. (Docket No. 86.) The plaintiffs, as support for their request, attached a letter from the defendants in which they agreed not to oppose the time extension. The letter also indicated, however, that plaintiffs had failed to respond to a number of interrogatories that had been due for several months. (Docket 86–1.)[2] The Court granted this request with a clear warning that "Plaintiff Mulero–Abreu's failure to appear at her deposition on, or plaintiffs' to answer the interrogatories and requests for production of documents by, February 28, 2011, will result in the dismissal of the suit, with prejudice. This schedule is final and will not be changed under any circumstance." (Docket No. 87 at 2.)

On March 1, 2011, the defendants filed an informative motion indicating that plaintiff Mulero–Abreu had appeared at her deposition on February 28, 2011 but that plaintiffs had failed to answer defendants' interrogatories or produce the documents requested by February 28, 2011, as the Court had ordered. (Docket No. 88.) In response, plaintiffs filed an opposition and promised the Court to deliver all pertinent documents during the next 10 days. (Docket No. 89.) The Court, being as understanding and as flexible as possible, granted the time extension until March 14, 2011, with the stern warning that "failure to comply with this order will result in the dismissal of the complaint with prejudice." The Court also stated that plaintiff had still failed to respond to written discovery outstanding since November, 2010. (Docket No. 91.) The plaintiffs, however, have not complied with the order of the Court; they have yet to respond to that written discovery which has been overdue for five months.

## II. Standards

The rules of civil procedure permit a court to dismiss a case as a sanction for a party's failure to comply with a court order or for not obeying a discovery order. Fed.R.Civ.P. 16(f)(1)(C) and 37(b)(2)(A)(v).

The First Circuit Court of Appeals has repeatedly held that it is within a district judge's discretion to dismiss a case for failure to comply with discovery orders. *See Young v. Gordon,* 330 F.3d 76 (1st Cir.2003), *Damiani v. Rhode Island Hosp.,* 704 F.2d 12, 17 (1st Cir.1983). Furthermore, the Court of Appeals has stated that failure of a plaintiff to … comply with any court order is grounds for dismissal with prejudice. *See Abdullah v. Acands, Inc.,* 30 F.3d 264 (1st Cir.1994). "Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, *see Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc.,* 848 F.2d 315, 317 (1st Cir.1988), disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)," *see Cosme Nieves v. Deshler,* 826 F.2d 1, 2 (1st Cir.1987).

Plaintiffs' repeated requests to extend discovery deadlines have been granted because of scheduling conflicts with criminal cases where plaintiffs' counsel represents a defendant. The Court has bent over backwards to accommodate plaintiffs' requests, but the limit of its patience has been reached. In this district "being involved in another case— even a high profile case—will not excuse an attorney … in a different case." *Freiria Trading Co., Inc. v. Maizoro S.A. de C.V.,* 187 F.R.D. 47, 49 (D.P.R.1999). Furthermore, the First Circuit Court of Appeals has warned counsel that, "Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." *Pinero Schroeder v. Fed. Nat'l Mortgage Ass'n,* 574 F.2d 1117, 1118 (1st Cir.1978). As the Court of Appeals so colorfully stated, "The fact that an attorney has other fish to fry is not an acceptable reason for disregarding a court order." *Chamorro v. Puerto Rican Cars, Inc.,* 304 F.3d 1, 5 (1st Cir.2002).

---

**2.** This written discovery has yet to be answered by plaintiffs.

## III. Conclusion

Given plaintiffs' failure to comply with this Court's order to answer all outstanding interrogatories and produce all documents requested (pending since November 2010) by March 14, 2011, despite two warnings that failure to comply would result in the dismissal of the complaint with prejudice, this Court hereby **GRANTS** defendants' motion to dismiss and **DISMISSES** the complaint **with prejudice.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**